5 P.2d 950

**Bruce A. FRIEDEMANN, Plaintiff/Appellant,**

v.

**James Lee KIRK, Pima County Treasurer, Defendant/Appellee.**

No. 2CA–CV99–0176.

Court of Appeals of Arizona, Division 2, Department A.

June 21, 2000.

Review Denied Sept. 26, 2000.

Bruce A. Friedemann, Tucson, In Propria Persona.

Barbara LaWall, Pima County Attorney By Alison K. North, Tucson, for Defendant/Appellee.

OPINION

FLÓREZ, Judge.

¶1 In this quiet title action, appellant Bruce Friedemann challenges the trial court's order vacating the judgment entered in his favor against Beatrice Castillo and appellee James Kirk, the Pima County Treasurer. Friedemann contends the trial court erred in granting the Treasurer's motion to vacate the entry of default judgment because Castillo's right to redeem the property tax lien was already foreclosed at the time the Treasurer accepted her redemption payment. We agree and reverse.

¶2 The material facts are undisputed. In 1997, Friedemann took an assignment of the property tax lien on Castillo's vacant lot in Ajo from the Treasurer. In October 1998, he filed an action against Castillo and the Treasurer to foreclose Castillo's right to redeem that lien. See A.R.S. § 42–18201. When Castillo failed to answer or otherwise defend the action, Friedemann filed an application for entry of default, and the clerk of the court entered default in January 1999. On February 22, 1999, in a signed minute entry, the trial court stated Friedemann was "entitled to a Judgment foreclosing the tax lien on the Castillo property." The court entered formal judgment on March 8.

¶3 In January, before the judgment was entered and unbeknownst to Friedemann, Castillo had sent a check to the Treasurer's office to redeem the tax lien, but the check was returned to Castillo because the tendered amount was insufficient to redeem the lien. Castillo sent a second check in the correct amount on February 23, but it too was returned because it was not "certified." On March 18, Castillo sent two money orders for the correct amount to the Treasurer, who accepted them and issued Castillo a certificate of redemption that listed February 23, 1999, as the redemption date.

¶4 On March 24, Friedemann attempted to obtain a deed to the property pursuant to the judgment. See A.R.S. §§ 42–18204 and 42–18205. The Treasurer instead sent Friedemann a letter stating that Castillo had redeemed the property on February 23, 1999, and returned Friedemann's investment in the

property. Friedemann then moved for the trial court to hold the Treasurer in contempt for accepting Castillo's redemption tender or, in the alternative, to issue a nunc pro tunc order effective February 22, the date of the signed minute entry, foreclosing Castillo's right to redeem the tax lien. The Treasurer opposed the motion and filed a cross-motion to vacate the judgment. The trial court summarily granted the cross-motion and vacated the minute entry of February 22 as well as the judgment entered on March 8. This appeal followed.

¶ 5 Friedemann contends that Castillo's February 23 redemption was ineffective because on that. date the Treasurer rejected Castillo's check. The Treasurer responds that on that date, Castillo's check satisfied all of the statutory elements of A.R.S. § 42–18153, was returned solely because of the Treasurer's office policy to only accept certified funds, and, therefore, was an effective redemption. We review de novo whether Castillo met the statutory requirements of § 42–18153 as a matter of law. *See Do v. Farmers Ins. Co. of Arizona*, 171 Ariz. 113, 828 P.2d 1254 (1991).

¶ 6 Section 42–18153 sets out the required amount "a person must pay to the county treasurer" in order to redeem a property tax lien. Generally, taxes are payable in money only. *Roe v. Roosevelt Water Conservation Dist.*, 41 Ariz. 197, 16 P.2d 967 (1932). "[T]he authorities in charge of collecting taxes are under no obligation to accept checks or drafts in payment of taxes, and ... [t]he collector may refuse to accept such paper in payment of taxes." 72 Am.Jur.2d State and Local Taxation § 840, at 145 (1974). Castillo failed to meet the § 42–18153 requirement of actual payment when the Treasurer refused to accept her check of February 23, 1999; thus, she did not redeem the tax lien on that date.

¶ 7 Nor are we persuaded by the Treasurer's contention that even if the February 23 check was insufficient to redeem the property under § 42–18153, the money order of March 18 effected a valid redemption because the Treasurer had not delivered a deed to Friedemann. The Treasurer relies on A.R.S. § 42–18152, which permits redemption at any time "[a]fter three years but before the delivery of a treasurer's deed to the purchaser." The Treasurer's reliance on § 42–18152 is misplaced.

¶ 8 In contrast to § 42–18152, A.R.S. § 42–18206 allows redemption during pendency of an action to foreclose "at any time before judgment is entered." And, § 42–18204 describes the effect of a judgment foreclosing the right to redeem:

A. In an action to foreclose the right to redeem, if the court finds that the sale is valid, and that the tax lien has not been redeemed, the court shall enter judgment:

1. Foreclosing the right of the defendant to redeem.

2. Directing the county treasurer to expeditiously execute and deliver to the party in whose favor judgment is entered, including the state, a deed conveying the property described in the certificate of purchase.

B. After entering judgment the parties whose rights to redeem the tax lien are thereby foreclosed have no further legal or equitable right, title or interest in the property subject to the right of appeal and stay of execution as in other civil actions.

We must determine whether Castillo had the right to redeem the tax lien under § 42–18152 until the Treasurer delivered the deed to Friedemann, or if, under §§ 42–18204 and 42–18206, Castillo's redemption right was foreclosed when the judgment was entered against her.

¶ 9 We interpret statutes de novo. *Mason v. Cansino*, 195 Ariz. 465, 990 P.2d 666 (1999). "A basic principle of statutory interpretation instructs that specific statutes control over general statutes," and "when a general and a specific statute conflict, we treat the specific statute as an exception to the general, and the specific statute controls." *Mercy Healthcare Arizona, Inc. v. Arizona Health Care Cost Containment Sys.*, 181 Ariz. 95, 100, 887 P.2d 625, 630 (1994). Section 42–18152 addresses the general right to redeem a tax lien, while §§ 42–18204 and 42–18206 specifically address the right to redeem a tax lien when the property is in judicial foreclosure. Here, the property was

in judicial foreclosure, and we thus find that the specific provisions relating to redemption during judicial foreclosure, §§ 42–18204 and 42–18206, apply. Therefore, Castillo's right to redeem the tax lien was foreclosed when the judgment was entered against her. That § 42–18204(A)(2) requires the trial court to enter judgment directing the county treasurer to deliver the deed to the person entitled to it, as here, further demonstrates that the delivery of the deed to Friedemann was a mere formality.

¶ 10 Because we find that the March 8 judgment foreclosed Castillo's right to redeem the property tax lien, Friedemann was entitled to the deed to the property on that date. We thus conclude that the trial court erred in vacating the minute entry of February 22, 1999, and the judgment of March 8, 1999.[1] Accordingly, we reverse.

CONCURRING: JOHN PELANDER, Presiding Judge, and WILLIAM E. DRUKE, Judge.

---

1. We need not address whether the prior minute entry filed on February 22, 1999, constituted a judgment, thereby foreclosing Castillo's right to redeem on that earlier date.