In re: Rene UMALI, Debtor, Debtor,

Rene Umali, Appellant,

v.

Chandulal Dhanani, Movant;
Hemlatabin Dhanani,
Movant, Appellees.

Rene Unali, Appellant,

v.

Chandulal Dhanani, Movant;
Hemlatabin Dhanani,
Movant, Appellees,

and

Rene Umali, Debtor.

Nos. 02–15010, 02–16379.
D.C. Nos. CV–01–00556–RCB,
CV–01–01302–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided Oct. 3, 2003.

Before FERGUSON, McKEOWN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

1. The district court did not violate Umali's due process rights when it upheld the granting of retroactive annulment of the automatic stay because Umali had no protectable liberty interest in the property once the Maricopa County Superior Court entered judgment in the foreclosure action. *See Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir.2000); *see also* A.R.S. § 42–18204(B) (2000); *Friedemann v. Kirk*, 197 Ariz. 616, 5 P.3d 950, 953 (2000). Although A.R.S. § 42–18204(B) provides that judgments of foreclosure are "subject to the right of appeal and stay of execution," Umali failed to timely exercise his statutory rights.

2. Umali received proper notice and an opportunity to be heard regarding the bankruptcy court's decision to retroactively annul the automatic stay. *See* 11 U.S.C. §§ 362(d), (e).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.