SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| LEVERAGED LAND COMPANY, L.L.C., an Arizona limited liability company; and NORMAN MONTGOMERY and CHERYL MONTGOMERY, husband and wife,<br><br>       Plaintiffs/Appellants,<br><br>       v.<br><br>MICHAEL W. HODGES, an unmarried man,<br><br>       Defendant/Appellee.<br>_____ | Arizona Supreme Court<br>No. CV-10-0196-PR<br><br>Court of Appeals<br>Division Two<br>Nos. 2 CA-CV 09-0093<br>     2 CA-CV 09-0094<br>     2 CA-CV 09-0095<br>      (Consolidated)<br><br>Pinal County<br>Superior Court<br>No. CV200500270 |
| RAVEN II HOLDINGS, L.L.C., an Arizona limited liability company; and HANNA 120 HOLDINGS, L.L.C., an Arizona limited liability company,<br><br>       Intervenors/Appellants,<br><br>       v.<br><br>MICHAEL W. HODGES, an unmarried man; DAVID H. CAIN, a married man,<br><br>       Defendants/Appellees.<br>_____ | **O P I N I O N** |
| DAVID H. CAIN, a married man,<br><br>     Defendant/Counterclaimant/<br>               Appellee,<br><br>       v.<br><br>RAVEN II HOLDINGS, L.L.C., an Arizona limited liability company; and HANNA 120 HOLDINGS, L.L.C., an Arizona limited | |

```
liability company,                        )
                                          )
    Intervenors/Counterdefendants/ )
                     Appellants. )
_____)
DAVID H. CAIN, a married man,             )
                                          )
                                          )
        Defendant/Counterclaimant/ )
                      Appellee, )
                                          )
                v.                        )
                                          )
LEVERAGED LAND CO., L.L.C., an            )
Arizona limited liability                 )
company; and NORMAN MONTGOMERY            )
and CHERYL MONTGOMERY, husband            )
and wife,                                 )
                                          )
    Plaintiffs/Counterdefendants/ )
                     Appellants. )
_____)
                                          )
DAVID H. CAIN, a married man,             )
                                          )
  Defendant/Third-Party Plaintiff/ )
                      Appellee, )
                                          )
                v.                        )
                                          )
BINGHAM ARIZONA LAND, L.L.C., an          )
Arizona limited liability                 )
company,                                  )
                                          )
        Third-Party Defendant/ )
                      Appellant. )
                                          )
_____)
```

Appeal from the Superior Court in Pinal County
The Honorable William J. O'Neil, Judge

**VACATED AND REMANDED**

_____

**VACATED**

_____

QUARLES & BRADY LLP                                              Tucson
    By   Craig H. Kaufman
        Jeremy A. Lite
Attorneys for Leveraged Land Co., L.L.C., Norman
Montgomery, and Cheryl Montgomery

BARRY BECKER, P.C.                                              Phoenix
    By   Barry C. Becker
Attorney for Michael W. Hodges and David H. Cain

_____

**B R U T I N E L,** Justice

¶1      Under Arizona Revised Statutes ("A.R.S.") section 42-18206 (2010), a tax lien purchaser is entitled to a judgment for costs and reasonable attorney fees if the delinquent taxpayer redeems the lien after the purchaser commences a foreclosure action.  We hold that a tax lien purchaser is only entitled to reasonable attorney fees incurred before the lien is redeemed and a certificate of redemption issues.

**I.**

¶2      This protracted litigation began in March 2005, when Norman and Cheryl Montgomery and Leveraged Land, L.L.C. (collectively "Leveraged Land") sued to foreclose Michael Hodges' right to redeem a tax lien it had purchased.  Hodges failed to appear after being served by publication, and default judgment was entered in favor of Leveraged Land in June 2005.

¶3        In November 2005, Hodges moved to set aside the default judgment, contending that he was able to redeem the tax lien and that he had been improperly served. The superior court denied his motion, but the court of appeals reversed, holding that Hodges had timely demonstrated his ability to redeem and remanding to allow him to do so. *Leveraged Land Co. v. Hodges*, 2 CA-CV 06-0210, 2007 WL 5556356, at *3, 5 ¶¶ 10, 19 (Ariz. App. Aug, 8, 2009) (mem. decision). After Hodges redeemed the lien, Leveraged Land filed an amended complaint challenging the validity of the redemption. The superior court granted Hodges' subsequent motion for summary judgment, dismissed Leveraged Land's amended complaint, and entered a final judgment. The court of appeals affirmed. *Leveraged Land Co. v. Hodges*, 2 CA-CV 09-0057, 2009 WL 3087551, at *6 ¶ 20 (Ariz. App. Sept. 24, 2009) (mem. decision).

¶4        While Leveraged Land's appeal of the summary judgment was pending, it filed a request under § 42-18206, seeking $153,182 in costs and attorney fees incurred in litigating issues related to the tax lien foreclosure, including a substantial amount incurred after Hodges' redemption. The superior court awarded Leveraged Land $1500, ruling that the requested amount was "unreasonable" and further noting that it was not "inclined to award costs for the unsuccessful appeal." A divided panel of the court of appeals reversed, finding that

4

the superior court had abused its discretion in awarding Leveraged Land only $1500, and holding that Leveraged Land was entitled under § 42-18206 to costs and reasonable attorney fees incurred in contesting the redemption. *Leveraged Land Co. v. Hodges*, 224 Ariz. 442, 449-50, 451 ¶¶ 25, 29, 232 P.3d 756, 763-64, 765 (App. 2010).

¶5    We granted Hodges' petition for review because the scope of the attorney fees provision in this statute is a matter of first impression and statewide importance. We have jurisdiction under Arizona Constitution Article VI, Section 5(3) and A.R.S. § 12-120.24.

## II.

### A.

¶6    The question before us is whether § 42-18206 permits recovery of attorney fees and costs for litigation that occurs after a taxpayer's redemption. We review de novo the interpretation of a statute, aiming to effect the legislature's intent. *See Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). When, as here, the statutory language is not clear, we consider not only the text, but also other factors such as the statute's context, subject matter, and history. *Id.; see also Ariz. Dep't. of Revenue v. Action Marine, Inc.*, 218 Ariz. 141, 143 ¶ 10, 181 P.3d 188, 190 (2008).

¶7    Section 42-18206 states:

> Any person who is entitled to redeem under article 4 of this chapter may redeem at any time before judgment is entered, notwithstanding that an action to foreclose has been commenced, but if the person who redeems has been served personally or by publication in the action, or if the person became an owner after the action began and redeems after a notice is recorded pursuant to § 12-1191, judgment shall be entered in favor of the plaintiff against the person for the costs incurred by the plaintiff, including reasonable attorney fees to be determined by the court.

The court of appeals noted that this statute neither places a "temporal limit" on recoverable fees nor limits eligibility for fees "to certain matters and not others." *Leveraged Land*, 224 Ariz. at 448 ¶ 21, 232 P.3d at 762. We agree that no express limitations appear in the statute and that a plaintiff is entitled to "fully and reasonably" litigate the validity of a delinquent taxpayer's redemption. *Id*. at 449 ¶ 24, 232 P.3d at 763. We do not agree, however, that the legislature intended § 42-18206 to relieve the tax lien purchaser from the financial risk accompanying such litigation by awarding fees incurred after the redemption.

¶8 Although the legislature did not expressly place temporal and subject matter restrictions in the text of §42-18206, such restrictions are apparent from the context of the statutes governing tax lien redemption. *See Action Marine, Inc.*, 218 Ariz. at 143 ¶ 10, 181 P.3d at 190 (observing that we read statutes as a whole, considering context). The legislature

has created a process for the redemption of tax liens. Initially, a landowner pays his past-due taxes and redeems the property through a non-judicial, ministerial event, complete when the county treasurer issues a certificate of redemption. *See* A.R.S. § 42-18154(A). Once redemption is complete, the tax lien purchaser is eligible to recover costs and fees incurred in the foreclosure action. *See* A.R.S. § 42-18206 (if owner redeems, judgment shall be entered in favor of lien purchaser).

¶9 Because the redemption is complete when the certificate of redemption issues, an action challenging the validity of a redemption that has already occurred is not part of the redemption. *See, e.g.*, *Friedemann v. Kirk*, 197 Ariz. 616, 617 ¶ 1, 5 P.3d 950, 951 (App. 2000) (validity of tax lien redemption challenged in quiet title action); *see also Green v. United States*, 434 F. Supp. 2d 1116, 1125 (D. Utah 2006) (same). Rather, the post-redemption litigation, whether a new legal proceeding or, as here, an amended complaint in the ongoing foreclosure action, is separate from the redemption. Therefore, it is not part of the legal action to which § 42-18206 refers.

¶10 Nor does the purpose of § 42-18206 support the broad construction the court of appeals gave it. *See Leveraged Land*, 224 Ariz. at 454 ¶¶ 43-44, 232 P.3d at 768 (Eckerstrom, J., dissenting). The legislature intended to encourage the redemption of tax liens through a simple administrative

7

procedure, *see* A.R.S. § 42-18154(A), and to minimize the risks of purchase by providing for fees and costs in the event of redemption, s*ee Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 360, 742 P.2d 858, 861 (App. 1987) (when property owners redeem, purchasers "will be made whole by recovery of all their costs and attorney's fees"). Nevertheless, the purchase of a tax lien is an investment "involv[ing] inherent risks." *Ritchie v. Salvatore Gatto Partners, L.P.*, 223 Ariz. 304, 308 ¶ 13, 222 P.3d 920, 921, 924 (App. 2010). Although the potential payoff is ownership of the subject property for the price of the past due taxes, the risk of buying a tax lien lies in the possibility that the delinquent taxpayer will redeem. *See Eliot*, 154 Ariz. at 361, 742 P.2d at 862 (lien purchasers risk possibility of redemption for opportunity to "benefit greatly"). Thus, § 42-18206 protects against a loss to the purchaser from pre-redemption litigation, but it does not ensure a profit. Nor should it subsidize unlimited litigation to contest redemption in pursuit of that profit.

¶11    The purpose of the statute is merely to make a tax lien purchaser whole if the landowner redeems. Leveraged Land agrees that a lien purchaser is entitled to fees and costs under § 42-18206 only if redemption occurs. Thus, success in post-redemption litigation voids the redemption and makes the tax lien purchaser ineligible for costs and fees under the statute.

8

Only tax lien purchasers whose challenges fail, therefore, are entitled to recover. Unlike the award of pre-redemption attorney fees, allowing post-redemption attorney fees results in awarding fees to the losing party. [1]

¶12 Thus, interpreting § 42-18206 to allow post-redemption fees and costs skews the statute to subsidize unsuccessful litigation. Such a reading creates an incentive for protracted and potentially meritless litigation. It allows tax lien purchasers to coerce landowners otherwise able to redeem to forfeit their property by the threat of continued litigation conducted at the landowners' expense. We discern neither a legislative intent nor any sound policy reason to award fees for a losing argument, especially when doing so encourages protracted litigation, discourages redemption, and interferes with litigants' and the courts' interests in finality. *See N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303 ¶ 9, 93 P.3d 501, 503 (2004) (court will not construe statutes in a manner leading to absurd results). If a tax lien

---

[1] To justify its proposed reading, Leveraged Land repeatedly refers to § 42-18206 as a statute that awards fees to a "losing" party. Unlike unsuccessful post-redemption litigation, failure to foreclose does not involve espousing a legally incorrect argument; it simply means the rightful owner exercised his or her right to redeem. Moreover, failing to foreclose is not "losing" in a practical sense. The lien holder recovers his or her pre-redemption expenditure plus interest in the event of redemption, and the only thing "lost" is the opportunity to own the property.

purchaser thinks the value of the land, coupled with the probability of success on the merits, justifies further litigation to challenge the redemption, the lien purchaser may pursue additional litigation; but neither the text of § 42-18206 nor sound policy supports requiring the landowner to subsidize that litigation.

## B.

¶13    The entitlement to costs and attorney fees under § 42-18206 arises at the time of redemption and relates to work performed before the treasurer's certificate of redemption issues.  In cases such as this, in which the parties engaged in substantive litigation before the certificate issued, we leave it to the sound discretion of the trial court to determine how much of the plaintiff's costs and fees were reasonable.  *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71, 694 P.2d 1181, 1184-85 (1985) (trial courts have substantial discretion in awarding attorney fees).  We expressly decline to adopt either party's position that any fees incurred after Hodges manifested his intent to redeem by filing an affidavit under Arizona Rule of Civil Procedure 59(j) were presumptively reasonable or unreasonable.

## III.

¶14    For the reasons set forth above, we vacate the court

of appeals' opinion and remand this case to the superior court to award reasonable attorney fees consistent with this opinion.

                             _____

                             Robert M. Brutinel, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice