IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**TFLTC, LLC,**
*Plaintiff/Appellant,*

*v.*

**BETH FORD, PIMA COUNTY TREASURER,**
*Defendant/Appellee.*

No. CV-21-0133-PR
Filed August 8, 2022

Appeal from the Superior Court in Pima County
The Honorable Lee Ann Roads, Judge Pro Tempore
The Honorable Brenden J. Griffin, Judge
The Honorable Leslie B. Miller, Judge
Nos. C20195744, C20190581, C20196128, C20195823, C20195924
**REVERSED AND REMANDED**

Memorandum Decision of the Court of Appeals, Division Two
Nos. 2 CA-CV 2020-0122, 2 CA-CV 2020-0123, 2 CA-CV 2020-0124, 2 CA-
CV2020-0128, 2 CA-CV2020-0137 (Consolidated)
Filed April 22, 2021
**REVERSED**

COUNSEL:

Mark L. Manoil, Barrett L. Kime, Manoil Kime, PLC, Phoenix, Attorneys for
TFLTC, LLC

Laura Conover, Pima County Attorney, Kathryn Ore, Eric J. Levy, Deputy
County Attorneys, Tucson, Attorneys for Pima County Treasurer

CHIEF JUSTICE BRUTINEL authored the opinion of the Court, in which
VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, BEENE,
MONTGOMERY, and KING joined.

---

CHIEF JUSTICE BRUTINEL, opinion of the Court:

**¶1** This case arises from five separate tax lien foreclosure actions, each brought pursuant to A.R.S. § 42-18201 and consolidated on appeal. We granted review to decide whether *Leveraged Land Co. v. Hodges*, 226 Ariz. 382 (2011), precludes all attorney fees and costs incurred after a redemption certificate has issued, including those fees and costs incurred as a direct and necessary result of completing that redemption. We hold reasonable fees and costs arising from redemption itself are recoverable even though those expenses were incurred after the redemption.

## I.    BACKGROUND

**¶2** TFLTC, LLC ("TFLTC") purchased tax liens on five properties and subsequently filed an action to foreclose each property owner's redemption rights. Eventually, the owners redeemed their tax liens and certificates of redemption issued. TFLTC then sought to recover attorney fees and costs in each case pursuant to A.R.S. § 42-18206, including fees and costs incurred after the certificates of redemption had issued. Included were fees and costs incurred, among others, for: drafting fee and cost demand letters; reviewing pleadings; drafting stipulations to dismiss non-redeeming defendants; filing motions to schedule and vacate default judgment hearings; and preparing motions for summary judgment. All were incurred in connection with services performed relating to redemption.

**¶3** The trial courts each awarded fees and costs to TFLTC but, relying on *Leveraged Land*, awarded only fees and costs incurred before redemption. TFLTC appealed.

**¶4** In a memorandum decision, the court of appeals concluded that the trial courts properly adhered to the decision in *Leveraged Land*, interpreting it to preclude recovery of all post-redemption fees and costs, and thus did not abuse their discretion in denying TFLTC recovery of those fees and costs.

**¶5** TFLTC filed a petition for review asking that this Court revisit *Leveraged Land* and determine whether it pronounced a categorical rule barring recovery of post-redemption fees and costs, a question of statewide

importance, likely to reoccur. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## II. DISCUSSION

**¶6** The question before us is whether our decision in *Leveraged Land* precludes recovery of all fees and costs incurred pursuant to § 42-18206 after a certificate of redemption has issued. We review the interpretation of a statute, a question of law, de novo. *Leveraged Land*, 226 Ariz. at 384 ¶ 6.

**¶7** Section 42-18206 provides:

> Any person who is entitled to redeem under article 4 of this chapter may redeem at any time before judgment is entered, notwithstanding that an action to foreclose has been commenced, but if the person who redeems has been served personally or by publication in the action, or if the person became an owner after the action began and redeems after a notice is recorded pursuant to § 12-1191, judgment shall be entered in favor of the plaintiff against the person for the costs incurred by the plaintiff, including reasonable attorney fees to be determined by the court.

**¶8** In *Leveraged Land*, we concluded that the post-redemption fees and costs at issue were not recoverable under § 42-18206 for reasons entirely inapplicable here. The tax lien purchaser in *Leveraged Land* initiated an action to foreclose the owner's right to redeem the tax lien. 226 Ariz. at 384 ¶ 2. The landowner failed to appear after being served by publication, and default judgment was entered in the lien purchaser's favor. *Id.* The landowner then moved to set aside the judgment, arguing he had been improperly served. *Id.* ¶ 3. The landowner eventually succeeded in setting aside the judgment and redeemed the tax lien. *Id.* The purchaser then amended the original complaint, this time challenging the validity of the redemption, which was ultimately unsuccessful both at the trial court and on appeal. *Id.* While the appeal was pending, however, the purchaser sought $153,182 in attorney fees and costs under § 42-18206 for the amount incurred during the entire redemption litigation. *Id.* ¶ 4. A substantial portion of the fees and costs was incurred after the redemption and as a result of the litigation challenging redemption. *Id.* The superior court awarded only $1,500 for the amount incurred before redemption and

nothing for the subsequent litigation challenging the redemption. *Id.* A divided panel of the court of appeals reversed, concluding that the purchasers were entitled to collect the fees and costs incurred in challenging the validity of the redemption. *Id.*

¶9        This Court disagreed with the court of appeals, holding that the post-redemption fees and costs were not reasonable under § 42-18206. *See id.* at 386 ¶ 12. In reaching this conclusion, we noted two issues with precluding post-redemption fees and costs.

¶10        First, we considered it implausible that the legislature intended that § 42-18206 relieve tax lien purchasers challenging the validity of a redemption "from the financial risk accompanying such litigation by awarding fees incurred after the redemption." *Id.* at 385 ¶ 7. Post-redemption litigation challenging the redemption's validity is wholly distinct from the redemption process; indeed, we reasoned that "[b]ecause the redemption is complete when the certificate of redemption issues, an action challenging the validity of a redemption that has already occurred is not part of the redemption." *Id.* ¶ 9.

¶11        Second, we noted that allowing recovery of post-redemption fees and costs challenging redemption would contravene the purpose of § 42-18206, which is "to make a tax lien purchaser whole if the landowner redeems." *Id.* ¶ 11. Allowing purchasers to recover those fees and costs at issue would "skew[] the statute to subsidize unsuccessful litigation" and allow "tax lien purchasers to coerce landowners otherwise able to redeem to forfeit their property by the threat of continued litigation conducted at the landowners' expense." *Id.* at 386 ¶ 12. We concluded that "neither the text of § 42-18206 nor sound policy" supported awarding fees and costs incurred as a result of challenging redemption. *Id.*

¶12        Neither of those issues arises here. Rather than fees and costs incurred from a process completely separate from the redemption, the fees and costs requested here are a direct and necessary result of completing the redemption. Allowing recovery of those fees and costs aligns with § 42-18206's purpose of making the tax lien purchaser whole after redemption. In fact, *not* allowing recovery would contravene § 42-18206's purpose. Imposing a strict temporal cutoff for recovery would potentially cause tax lien purchasers to incur a loss by making them pay out-of-pocket for reasonable expenses necessary to complete the redemption and possibly deter the purchase of tax liens. *See id.* at 385 ¶¶ 10–11.

¶13        We hold that *Leveraged Land* does not preclude recovery of all fees and costs incurred after redemption.  And just as in *Leveraged Land*, we "leave it to the sound discretion of the trial court to determine how much of the plaintiff's costs and fees were reasonable" in a request for fees and costs under § 42-18206.  *Id.* at 386 ¶ 13.  Where the fees and costs sought are the direct and necessary result of the redemption process and not arising out of a challenge to the validity of the redemption, they are recoverable under § 42-18206.

¶14        Today's holding does not disturb the holding in *Leveraged Land*; trial courts should continue to consider the purpose for which the post-redemption fees and costs were incurred in determining their reasonableness (e.g., whether they incentivize meritless litigation).

## III.    CONCLUSION

¶15        We reverse the court of appeals' decision, reverse the trial courts' orders denying fees and costs incurred after redemption, and remand to those courts to award fees and costs consistent with this opinion.