[Civil No. 4678.   Filed January 31, 1944.]

[145 Pac. (2d) 529.]

W. FRANCIS WILSON and PAULINE WILSON, His Wife, Plaintiffs, v. W. H. LINVILLE, as Treasurer and *ex officio* Tax Collector of Maricopa County, Defendant.

Messrs. Moeur & Moeur, for Plaintiffs.

Mr. James A. Walsh, County Attorney, and Miss Loretta C. Savage, Deputy County Attorney, for Defendant.

ROSS, J.—The plaintiffs are the grantees in a tax deed from the State of Arizona, dated on or about June 7, 1943, conveying to them the Southwest Quarter (SW¼) of Section Twenty-Six (26), Township Four (4) North, Range One (1) East of the Gila and Salt River Base & Meridian, Maricopa County.

They allege that the vesting of title in the state constituted a full satisfaction and wiping off of all state, county and irrigation district taxes, interest and penalties against such land, and that it is the clear ministerial duty of the county treasurer under the law to satisfy such taxes upon the tax rolls of the office of the county treasurer and *ex officio* tax collector of the County of Maricopa. They have asked this court to *mandamus* the defendant, W. H. Linville, as Treasurer and *ex officio* tax collector of Maricopa County "to forthwith satisfy and wipe off . . . from the back tax rolls of his office, all state, county and irrigation district taxes, interest and penalties" for all preceding years, including the year 1943, or to show cause.

It is alleged by defendant in his answer that the law does not impose upon the county treasurer and *ex officio* tax collector the duty to "satisfy the taxes," etc., on the tax rolls in his office.

The law requires the county treasurer to keep, in a well-bound book, a detailed record of all sales of real property for taxes, including the name of the person to whom it is deeded (Section 73–809, Arizona

Code 1939), and to certify and deposit a true copy of such record in the office of the county recorder. Section 73–810. There is no statutory requirement that he keep any other record or that he "satisfy and wipe off from the back tax rolls" the delinquent taxes.

There is no suggestion that the defendant did not keep the records as provided in the above sections of the statute, and if he did it would seem that the information sought by this action was available by an examination of the treasurer's records or the records in the recorder's office.

In *Territory* v. *Board of Supervisors,* 9 Ariz. 405, 84 Pac. 519, 521, the court very clearly stated the rule as to when *mandamus* will lie against county officers, as follows:

" . . . It is true as a general proposition, that *mandamus* will not lie to compel county officers to perform an act, which they are not authorized or required to do by some plain provision of law, and that the office of the writ is not to create duties, but to require the performance of duties already existing. Not only so, but the law must afford the means by which public officers may discharge the duty which the law prescribes. . . . "

See, also, *Prina* v. *Board of Supervisors,* 16 Ariz. 252, 143 Pac. 567.

The alternative writ is quashed.

McALISTER, C. J., and STANFORD, J., concur.