360 P.2d 218

**H. D. SINES, Appellant,**

v.

**Crosby G. HOLDEN, Appellee.**

No. 6685.

Supreme Court of Arizona.

March 8, 1961.

Robert Morrison, former Atty. Gen., Gordon Aldrich, former First Asst. Atty. Gen., Robert Pickrell, present Atty. Gen., for appellant.

Flynn & Allen and Charles E. Cates, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

This is an action of mandamus to compel the personnel director of the State Highway Department to process an application for refund of retirement funds. The facts are:

Crosby G. Holden (hereinafter called "petitioner") was employed by the State of Arizona in the State Highway Department. During such employment he made regular contributions from his salary to the Arizona State Retirement System Fund pursuant to A.R.S. §§ 38–745, 38–748.

During the course of his employment, it was asserted in a formal complaint by an officer of the Highway Department that the petitioner was guilty of a violation of trust, for which he was charged and bound over in several actions to the Superior Court of Maricopa County. The petitioner was charged with grand theft, presenting false claims and conspiracy and was subsequently convicted of conspiracy.

Upon the disclosure of this violation of trust, the petitioner was discharged or asked to resign from his employment with the State Highway Department. The petitioner, pursuant to the rules and regulations of the State Retirement System, filled out an application for return of his contributions (withheld from his regular pay) to the Retirement Fund with interest and submitted it to H. D. Sines, Personnel Director of the Arizona State Highway Department (hereinafter called "respondent"). The respondent refused to process the application on advice of the Attorney General.

The petitioner brought this action of mandamus to compel the respondent to process the application. The trial court granted the petitioner a peremptory writ of mandamus, and from this judgment the respondent appeals.

One assignment of error is alleged for our determination. The respondent contends that he had a right to show that the petitioner was in court with "unclean hands" and was therefore not entitled to the relief sought.

Mandamus is an extraordinary remedy based upon the premises that the petitioner has a clear right to the relief sought, that the respondent had a legal duty to do the thing which the petitioner seeks to compel and that there is an absence of another adequate remedy. Adams v. Bolin, 77 Ariz. 316, 271 P.2d 472; Graham v. Moore, 56 Ariz. 106, 105 P.2d 962; Taylor v. Tempe Irrigating Canal Co, 21 Ariz. 574, 193 P. 12.

The petitioner, by virtue of his employment in the State Highway Department and A.R.S. §§ 38–745, 748, became a member of the retirement system and was required to contribute a certain portion of his regular pay to the system. Upon his termination of employment, other than by death, the petitioner was entitled under A.R.S. § 38–758 to apply for a refund of his contributions to the retirement fund plus interest. The Retirement System Board requires that the application for such refund be certified by the employer stating that the petitioner is an ex-employee and the final payroll period for which a deduction was made and the amount thereof. The petitioner, therefore, had a clear right to the relief sought and the respondent respectively had a duty to process his application. There being no other adequate remedy at law, the petitioner, in the absence of other controlling facts, would have been entitled to the relief he sought.

The writ of mandamus is a discretionary writ and even in a case where an absolute legal right is shown, it will be withheld whenever it would aid those who do not come into court with clean hands and wherever the public interest would be adversely affected. United States ex rel. Turner v. Fisher, 222 U.S. 204, 32 S.Ct. 37, 56 L.Ed. 165; State ex rel. Anderson v. Hare, 78 Or. 540, 153 P. 790.

In 2 Pomeroy 91, Equity Jurisprudence, 5th Ed., § 397, after discussing the equitable maxim, "he who seeks equity must do equity," the author states:

"* * * On the other hand, the maxim now under consideration, He who comes into equity must come with clean hands, is much more efficient and restrictive in its operation. It assumes that the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him *all* recognition and relief with reference to the subject-matter or transaction in question. It says that whenever a party,

who, as *actor,* seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." (Emphasis original.)

As broad as this maxim is in its operation it does have some limitations.

" * * * A court of equity is not an avenger of wrongs committed at large by those who resort to it for relief, however careful it may be to withhold its approval from those which are involved in the subject-matter of the suit, and which prejudicially affect the rights of one against whom relief is sought. The rule does not go so far as to prohibit a court of equity from giving its aid to a bad or a faithless man or a criminal. The dirt upon his hands must be his bad conduct in the transaction complained of. If he is not guilty of inequitable conduct toward the defendant in that transaction, his hands are as clean as the court can require." 2 Pomeroy 95, Equity Jurisprudence, 5th Ed., § 399.

See also 30 C.J.S. Equity, § 98, P. 487; Taylor v. Grant, 204 Or. 10, 279 P.2d 479; Neubeck v. Neubeck, 94 N.J.Eq. 167, 119 A. 26, 27 A.L.R. 172; City of Chicago v. Union Stock-Yards & Transit Co., 164 Ill. 224, 45 N.E. 430, 35 L.R.A. 281; Pitzele v. Cohn, 217 Ill. 30, 75 N.E. 392; Ely v. King-Richardson Co., 265 Ill. 148, 106 N.E. 619, L.R.A.1915B, 1052.

The subject-matter in the present action is the petitioner's monies paid into the State Retirement System. The monies paid into such system and petitioner's right to pay same were by virtue of his employment by the State. His employment alone was his sole basis for eligibility into the system. This is the reason why petitioner needs the confirmation of his employer to receive the refund. It therefore follows that his employment by the State Highway Department is the subject-matter of this action.

The fraud allegedly perpetrated by the petitioner affected the entire scope of his employment. He occupied a position of high public trust with the State. The violation of such trust by the petitioner gravely affected the interests of the State and the public. The bad faith actions on the part of the petitioner were of such a nature that it shocks the conscience of a court of equity.

The respondent had every right to show that the petitioner violated his position of trust with the State and prove that the petitioner used his employment solely for his own material benefit while defrauding the State. It would be a mockery of justice

to say that one may steal from his employer and violate the trust of his employment and yet be entitled not only to the fruits of his unlawful actions, but also to continue to reap the benefits his employment accords. The interests of the public would be adversely affected if we would permit a public employee to so violate his trust.

This being an action of mandamus which is tried under equitable principles, United States ex rel. Greathouse v. Dern, 289 U.S. 352, 53 S.Ct. 614, 77 L.Ed. 1250, the appeal opens up inquiry as of the time of the ultimate decision. Public Utilities Comm. v. United Fuel Gas Co., 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396, rehearing denied in 318 U.S. 798, 63 S.Ct. 557, 87 L.Ed. 1162. In the interest of justice we therefore take judicial notice of the judgment of guilt of conspiracy of petitioner occurring between the judgment of the trial court and this appeal.

It was error for the trial court to refuse to admit the evidence of the petitioner's "unclean hands." In light of the petitioner's conviction under the Criminal Statutes for his actions, the judgment of the trial court is reversed and remanded with directions to quash the peremptory writ of mandamus.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.