570 P.2d 220

**RUCK CONSTRUCTION CO., INC., an Arizona Corporation, Appellant,**

v.

**CITY OF TUCSON, a Municipal Corporation, Appellee.**

**No. 2 CA–CIV 2467.**

Court of Appeals of Arizona, Division 2.

Sept. 21, 1977.

Lesher, Kimble & Rucker, P. C., by E. F. Rucker, Tucson, for appellant.

Frederick S. Dean, City Atty., Loretta L. Humphrey, Asst. City Atty., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This is an appeal from an order dismissing Ruck Construction Company's complaint. On May 12, 1975, Ruck filed a special action in Pima County Superior Court challenging the City of Tucson's refusal to permit Ruck to substitute on its construction contract with the city a different subcontractor from the one previously approved. On May 16, 1975, the parties stipulated that they would submit to the court for decision a single issue on an agreed statement of facts. The legal issue presented was whether the City of Tucson unlawfully or improperly abused its discretion by refusing to permit such subcontractor substitution.

On March 6, 1975, the City of Tucson had issued a notice of call for competitive bids for the construction of the Eastside Police and Fire Building. The city required in Paragraph 14 of its "Instructions to Bidders" that bidders submit with any bid "a list naming the subcontractors who will be used in performing the work." Paragraph 14 also required that "A subcontractor not named in the 'List of Subcontractors' may not be employed on the City's project without express written permission of the City."

Appellant submitted a bid and a list of subcontractors which included Glover-Miller as the proposed mechanical subcontractor. The name Southern Arizona York Contracting Company (SAYCO) did not appear on the list. On April 8, 1975, the city sent a notice of award to Ruck. That same day after receiving the notice, appellant sent a letter to the city requesting its written permission to substitute SAYCO for Glover-Miller on the subcontractor list. Ruck claimed that it had listed Glover-Miller through clerical error. The City Purchasing Agent by phone denied the request.

Three days after this denial, on April 14, 1975, appellant and appellee entered into the construction contract. On May 8, 1975, the City Purchasing Agent sent a written denial of the appellant's request for change of subcontractors. In the court below, appellant sought damages of $5,300, the difference between a bid submitted to it by Glover-Miller to subcontract the mechanical work and a bid submitted by SAYCO for like mechanical contracting work.

Appellant first asserts that each of the subcontractors is equally competent to

perform the mechanical work involved. Yet appellant stipulated that the city neither evaluated SAYCO nor compared it to Glover-Miller. Appellee argues that it is the only party which has a legal right to evaluate the competency of subcontractors, and such evaluation must be made prior to, not after, the award of the contract. We agree.

The "Instructions to Bidders," including Paragraph 14, were incorporated into the contract. The reason for requiring a subcontractor list was stated in such paragraph to be "For use of the City in determining competency and capability of those who work on the City's project . . ." Thus, the contract documents themselves reserved subcontractor evaluations to the city.

In addition to its rights under the contract, appellee also has the duty under state law to evaluate subcontractors before awarding public improvement contracts. A.R.S. § 34–221(A) states that: "The agent shall enter into a contract with the lowest responsible bidder whose proposal is satisfactory . . ." To comply with the statute, appellee must determine, prior to the contract award, whether a bidder is responsible. A determination of a general contractor's responsibility cannot be made without a determination of the responsibility of its proposed subcontractors. A parallel provision to A.R.S. § 34–221(A) is found in the Tucson City Charter, Chapter XXVII, § 3, and in the Tucson Code, § 2–48(3).

The evaluation of subcontractors by the agent is clearly required by the repeated reference to that category throughout Article 3 of Title 34, Chapter 2, Eligibility and Preference of Contractors and Subcontractors. See e. g., A.R.S. § 34–241(C). See also, A.R.S. § 34–325(B) and A.R.S. § 34–326(E).

█ Appellant next contends that appellee's refusal to consider or evaluate SAYCO was an abuse of discretion subject to review by special action. In *Brown v. City of Phoenix*, 77 Ariz. 368 at 373, 272 P.2d 358 at 361 (1954), the Arizona Supreme Court held: "The cases agree that the power to grant the contract to the . . . [lowest] *responsible* bidder, implies an exercise of discretion in determining responsibility, for that word embraces such elements as the bidder's integrity, skill, capacity, experience, and facilities for doing the work he is contracting to perform." (Citations omitted).

Appellant does not claim that the city abused its discretion in awarding it the contract. However, the city possessed no discretion after it awarded the contract to appellant to change the material terms of the appellant's bid proposal. In *City of Phoenix v. Wittman Contracting Co.,* 20 Ariz.App. 1, at 5, 6, 509 P.2d 1038 at 1042, 1043 (1973), the court held: ". . . once the City determines to award a contract to someone, such as 'the lowest bidder,' the City has completed the exercise of its discretion . . . ." ". . . where . . a political subdivision of the State makes a determination as to the bids made on a public project, the powers and duties of that subdivision thereafter become purely 'ministerial' . . ."

█ Appellant argues that appellee failed to perform a ministerial act but cites no statutory authority that imposes an affirmative duty on the City Purchasing Agent to re-evaluate proposed subcontractors after the contract award merely because of the contractor's clerical mistake. Mandamus will not lie to compel a person or officer to perform an act not authorized or required by some plain provision of law. *State ex rel. Williams v. Superior Court,* 18 Ariz.App. 92, 500 P.2d 352 (1972).

█ Furthermore, even after its request to substitute subcontractors was orally denied, appellant signed the contract. Its signature is evidence of its assent to the terms of the contract, including the subcontractor list as submitted. 17 C.J.S. Contracts § 62 (1963). Appellant now seeks to change a term of the contract to which it agreed. One party to a contract cannot alter its terms without assent of the other

party. *Yeazell v. Copins,* 98 Ariz. 109, 115, 402 P.2d 541 (1965).

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.