NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY MERRICK,[1] *Petitioner/Appellant,*

*v.*

LAURA ESCAPULE; E. JENSEN; STATE OF ARIZONA,
*Respondents/Appellees.*

No. 1 CA-CV 15-0699
FILED 11-8-2016

Appeal from the Superior Court in Maricopa County
No.  LC2015-000211-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

APPEARANCES

Anthony Merrick, San Luis
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Neil Singh
*Counsel for Defendants/Appellees*

---

[1]      The court, on its own motion, amends the caption for this appeal as reflected above.  The above referenced caption shall be used on all further documents in this appeal.

---

**MEMORANDUM DECISION**

Judge John C. Gemmill[2] delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

---

**G E M M I L L**, Judge:

**¶1**          Arizona Department of Corrections ("ADC") inmate Anthony Merrick appeals the superior court's orders (1) dismissing his petition for special action and (2) declining to award him costs pursuant to the special action.  For the following reasons, we affirm the dismissal of the special action but vacate the order denying costs, and remand for further proceedings consistent with this decision.

## BACKGROUND

**¶2**          In November 2014, Merrick's attorney mailed to Merrick two compact disks ("CDs").  The CDs contained files Merrick needed to prepare a petition for post-conviction relief.  In accordance with ADC policy, ADC personnel held the CDs in order to inspect them for contraband.[3]  Due to an error by ADC staff, the CDs were then placed in a mailroom and remained "unattended to" for several months.

---

[2]          The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[3]          Order 902.11 § 1.4.2.1 of the ADC Department Order Manual states as follows:

> All incoming mail, letters, memoranda, and documents, from an inmate's attorney or from a judge or court, shall be opened for inspection purposes in the presence of the inmate.  Such incoming mail may be scanned in the conducting of an inspection for contraband, but shall not be read or censored by staff.

**¶3** After filing complaints and grievances with ADC requesting that the CDs be returned to him, Merrick filed a petition for special action in Maricopa County Superior Court on May 8, 2015. Merrick's petition alleged that ADC failed to comply with department policy by refusing to release the CDs, thereby violating his right to meaningful access to the courts.

**¶4** After he filed his petition, ADC personnel found and released the CDs and provided Merrick computer access to view the files they contained. ADC then filed a motion to dismiss Merrick's petition for special action as moot. The superior court agreed and dismissed the special action, finding "no justiciable controversy that would warrant consideration of declaratory relief" and that "the request for return of the CDs is moot."

**¶5** Upon dismissal of his special action, Merrick filed an application for costs in the superior court. On September 29, 2015, ADC filed a motion to strike Merrick's statement of costs alleging he was not the prevailing party and the special action petition had been "rejected by [the] court." The superior court entered an order the next morning, September 30, 2015, denying Merrick's statement of costs and entering final judgment. The court ruled that Merrick was not the prevailing party in the action and therefore was not entitled to an award of costs. Merrick timely appeals, and this court has jurisdiction under Arizona Rules of Procedure for Special Actions 8(a) and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

**ANALYSIS**

**I.** Existence of a Justiciable Controversy

**¶6** Merrick contends the superior court erred by dismissing his petition for special action, arguing that disclosure of the CDs did not fully resolve the issues he presented. We review a superior court's dismissal of a special action for an abuse of discretion. *Rash v. Town of Mammoth*, 233 Ariz. 577, 580, ¶ 4 (App. 2013); *see also Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001) ("If the superior court declines jurisdiction of the special action and does not rule on the merits, we determine only whether the court abused its discretion in declining jurisdiction.").

**¶7** We discern no abuse of discretion because no justiciable controversy existed when the State filed its motion to dismiss the special action. In his petition, the precise relief Merrick requested was an order directing ADC "to immediately give the legal CDs to [Merrick] and set up time, space, and equipment he [would] need to view the contents." Before

3

filing its motion to dismiss the special action, ADC released the CDs and allowed Merrick to use a computer to examine their contents.[4]

¶8        Merrick contends that release of the CDs was not sufficient to address his claims because a "declaratory judgment" against ADC was necessary to provide relief.  But Merrick's petition for special action did not seek the issuance of a declaratory judgment or allege entitlement to relief under the uniform declaratory judgments act, adopted in Arizona as A.R.S. §§ 12-1831 to -1846.  More importantly, a declaratory judgment may only be granted when there is a justiciable issue but it is not appropriate to obtain a judgment that "merely answers a moot or abstract question." *Ariz. State Bd. of Dirs. for Junior Colls. v. Phoenix Union High Sch. Dist.*, 102 Ariz. 69, 73 (1967).  Merrick further argues that regardless of mootness, this issue is capable of repetition and therefore appropriate for a decision on the merits. *See Thomas v. City of Phoenix*, 171 Ariz. 69, 74 (App. 1991) (a court "may decide a moot question or abstract proposition" when the issue is "capable of repetition yet evading review").  But because he is now in possession of the CDs, any harm Merrick alleges is not ongoing.  ADC has an existing rule in place to protect an inmate's rights regarding disclosure of mail and legal materials, and there is no evidence in this record that ADC does not intend to comply with the rule in the future.

¶9        We therefore agree with the superior court that no justiciable controversy existed when ADC filed its motion to dismiss.  Moreover, the superior court has broad discretion in deciding whether to exercise jurisdiction in a special action proceeding and no abuse of discretion occurred here.  For these reasons, we affirm the superior court's dismissal of Merrick's petition for special action as moot.

**II.**    Denial of Costs

¶10        Merrick also argues the court erred when it declined to award him costs.[5]  Generally, costs are awardable to the successful party in a civil

---

[4]        Merrick also acknowledges that ADC did not read or censor the information contained on the CDs, stating in his opening brief: "Appellees gave the two legal CDs to Appellant without reviewing them as they claimed they had to do."

[5]        ADC argues that Merrick waived this argument by not presenting it to the superior court. Ordinarily, if a party has had a full opportunity to present an argument in superior court and fails to do so, we do not consider

action.  A.R.S. § 12-341; *see also* A.R.S. § 12-346(A) (directing that a statement of costs be filed by "[t]he party in whose favor judgment is rendered").  Although we agree with the superior court and ADC that a judgment was not entered in Merrick's favor, an exception to the general rule may be applicable here.

**¶11**        ADC asserts, and we agree, that Merrick's action sought to compel the government to "perform a duty imposed by law, " and was a "mandamus-type" action under Arizona's special action statute.  *See Jones v. Paniagua*, 221 Ariz. 441, 448, ¶¶ 27-28 (App. 2009).  A request for costs may be awarded under A.R.S. § 12-2030 without an order of mandamus relief, if it is determined that the government took action to deliberately moot the pending case and Merrick would have obtained mandamus relief but for ADC's action.  *See Tom Mulcaire Contracting, LLC v. City of Cottonwood*, 227 Ariz. 533, 537, ¶¶ 15-16 (App. 2011) (affirming award of attorney fees even though the prevailing party did not obtain an order compelling performance of a duty or other affirmative relief).

**¶12**        In *Tom Mulcaire*, an unsuccessful contractor filed a mandamus action challenging the City of Cottonwood's construction bid process.  *Id.* at 534, ¶ 2.  The city subsequently terminated the contract awarded to the successful bidder, and decided to self-perform the work.  *Id.* at ¶¶ 3–4.  Although recognizing that A.R.S. § 12–2030 requires mandamus relief to prevail, this court considered that our supreme court has stated that mandamus relief implicates equitable principles, including the maxim that "equity will not permit a wrong to be without a remedy."  *Id.* at 537, ¶ 14 (citing *Sanders v. Folsom*, 104 Ariz. 283, 289 (1969)).  Consequently, this court determined that, but for the city's actions, the contractor would have prevailed and equity would not allow the city to moot the contractor's claim and deprive it of fees.  *Id.* at ¶ 15 (citing *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 210, ¶ 8 (App. 2010); *Richardson v. City of Rutland*, 164 Vt. 422, 427, 671 A.2d 1245, 1249 (1995)).

---

the argument on appeal.  *Schoenfelder v. Ariz. Bank*, 165 Ariz. 79, 88 (1990).  But we decline to apply waiver in this instance because Merrick did not have time to respond to ADC's motion to strike the statement of costs.  We recognize that the superior court may have drafted its order denying the statement of costs without having yet received ADC's motion to strike, and the court's ruling on September 30, 2015, is deemed to have denied ADC's motion to strike.  In light of the sequence of events in this record, we conclude that we should address the merits of the costs issue presented by Merrick.

**¶13**        Similarly, the absence of court-ordered mandamus relief in this case does not necessarily mandate denial of Merrick's application for costs.  The superior court has discretion to consider awarding costs to Merrick under A.R.S. § 12-2030 and the associated equitable principles recognized by our supreme court in *Sanders* and our court in *Tom Mulcaire*. We therefore vacate the superior court's order denying Merrick an award of costs and remand for further consideration.  On remand, the superior court should consider Merrick's application for costs pursuant to A.R.S. § 12-2030 and the *Tom Mulcaire* opinion, and determine whether the superior court would have ruled in Merrick's favor regarding disclosure of the CDs and whether the State acted intentionally to moot the case and thereby deprive Merrick of relief from incurred costs.

## CONCLUSION

**¶14**        Based on the foregoing, we affirm the superior court's dismissal of Merrick's petition for special action as moot, vacate the court's order denying Merrick's application for costs, and remand for further proceedings consistent with this decision.

