NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RICHARD LELAND NEAL, *Plaintiff/Appellant*,

*v.*

ARMANDO RUIZ, *Defendant/Appellee*.

No. 1 CA-CV 20-0020
FILED 12-8-2020

Appeal from the Superior Court in Coconino County
No. S0300CV2019-00191
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Richard Leland Neal, Kingman
*Plaintiff/Appellant*

Coconino County Attorney, Flagstaff
By Brian Y. Furuya and Yvonne Vieau
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

**M c M U R D I E**, Judge:

**¶1**         Richard Leland Neal appeals the superior court's order dismissing his claim against Coconino County Assessor Armando Ruiz (the "Assessor"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Neal sought a writ of mandamus to compel the Assessor to "update the Assessor's Records showing Neal's freehold ownership of that land estate described in parcel number 502-17-004D, and remove the estate from the tax rolls . . . ."

**¶3**         Neal alleges he acquired the parcel in 1986 from Red Feather Lodge Incorporated and subsequently pledged it as collateral for a loan. In 1999, McDonald's Corporation ("McDonalds") acquired the property at a trustee's sale after Neal's loan was foreclosed. Neal claims that he remains the parcel's rightful owner due to a series of procedural defects despite the McDonalds' transfer. Specifically, he alleges that Red Feather Lodge's original transfer to him was void because, at the time of the transfer, he had failed to record a separate document called a certificate of acknowledgment, which he claims without explanation is required under Arizona Revised Statutes ("A.R.S.") sections 33-401(D) and -412(A). He claims that because the transfer to him was void, the subsequent trustee's sale and transfer to McDonalds were also invalid. Also, he claims the transfers were void because the foreclosure trustee and McDonalds each failed to record verified certificates of acknowledgment.

**¶4**         Neal asserts that by recently recording a document he titled "Verified Acknowledgement," he cured the deficiency of Red Feather Lodge's original transfer to him and became the rightful owner of the land.

**¶5**         Neal applied for the entry of default. In response, the Assessor filed a motion to dismiss. The superior court rejected Neal's petition for failure to state a claim and join a necessary party under Arizona Rules of Civil Procedure ("Rule") 12(b)(6) and 12(b)(7). Neal appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**         We review *de novo* the dismissal of a complaint for failure to state a claim. *Pinal County v. Fuller*, 245 Ariz. 337, 340, ¶ 7 (App. 2018). A decision by the superior court to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) will be upheld if the plaintiff "would not

be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. v. State,* 191 Ariz. 222, 224, ¶ 4 (1998). We may affirm if the dismissal is correct for any reason. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014). And we generally only address issues presented with adequate support. *In re J.U.*, 241 Ariz. 156, 161, ¶ 18 (App. 2016); *see also* ARCAP 13(a)(7)(A) (argument must contain supporting reasons for each contention with citations of legal authorities).[1]

**¶7**        Neal first claims the superior court should have entered a default judgment because the Assessor failed to timely file a responsive pleading.[2] However, the Assessor moved to dismiss Neal's claims on the sixth day after Neal filed his application, well within the relevant period under Rule 55(a)(5). *See also* Ariz. R. Civ. P. 6(a)(2) (When computing time, "[e]xclude intermediate Saturdays, Sundays, and legal holidays if the period is less than 11 days."). **"**Although a motion to dismiss is not a pleading under Rule 7(a), it satisfies the 'otherwise defends' requirement for avoiding entry of default under Rule 55(a)." *Prutch v. Town of Quartzsite*, 231 Ariz. 431, 436, ¶ 17 (App. 2013). The superior court did not err by failing to enter a default judgment.

**¶8**        Neal next argues the superior court erred in its assessment of the merits of his petition. "Mandamus is an extraordinary remedy based upon the premises that the petitioner has a clear right to the relief sought, that the respondent had a legal duty to do the thing which the petitioner seeks to compel and that there is an absence of another adequate remedy." *Sines v. Holden*, 89 Ariz. 207, 209 (1961). Neal argues the Assessor had a duty under A.R.S. § 42-13051(B)(1) to update its records to reflect Neal's alleged ownership of the parcel. That subsection provides:

> B. The assessor shall:
>
> 1. Determine the names of all persons who own, claim, possess or control the property, including properties subject

---

[1]        Though Neal assigns error to the superior court on several points, we decline to address issues not adequately supported.

[2]        Neal argues the Assessor failed to follow the procedure outlined in A.R.S. § 12-2024. However, this section describes the actions parties may take after the court issues an alternative writ of mandamus and is therefore not relevant under the facts of this case.

to the government property lease excise tax pursuant to chapter 6, article 5 of this title.

A.R.S. § 42-13051(B)(1). The provision does not charge the Assessor with a duty to resolve property disputes. Our supreme court has explained the role of the Assessor when the ownership of a piece of property is in dispute:

> It was not intended that assessors should be required to decide upon ex parte and imperfect testimony which of two or more claimants is the actual owner of a piece of land upon which they are called to assess a tax. When there is a dispute as to the title, or the assessors have any reasonable doubt as to the name of the owner or of the original proprietor, they may tax it in the name of "owner unknown," in addition to "such description as the land may be readily known by."

*State v. Watts*, 21 Ariz. 93, 105 (1919) (quoting *French v. Spalding*, 61 N.H. 395, 402 (1881)).

¶9        Even if we assume the truth of the facts asserted by Neal, the Assessor would not be subject to a legal duty to update its records naming Neal as the owner of the parcel. Therefore, the superior court did not err by concluding Neal failed to state a claim.

## CONCLUSION[3]

¶10        We affirm the superior court's dismissal order.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

3        Because he did not prevail on his appeal, we deny Neal's request for costs.